RIMMERMAN et al. v. UNITED STATES. †

(Circuit Court of Appeals, Eighth Circuit. March 29, 1911.)

No. 3,396.

1. POST OFFICE (§ 35*)—SCHEME TO DEFRAUD—ELEMENTS OF OFFENSE.

The elements of the offense defined by Rev. St. § 5480 (U. S. Comp. St. 1901. p. 3696). prohibiting the use of the post office in the furtherance of a scheme to defraud, are the devise or intended devise of the artifice to defraud by accused, the intention to effect the scheme or artifice by opening correspondence or communication with some person through the mail or by inciting some person to open communication with him through the mail, and the execution of the scheme or artifice or an attempt to do so by the deposit of a letter or other communication in the post office for transmission or delivery, or taking or receiving a letter or communication for that purpose therefrom.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*]

2. POST OFFICE (§ 35*)—WRONGFUL USE—SCHEME TO DEFRAUD—INDICTMENT.

In a prosecution for using the post office establishment in furtherance of a scheme to defraud, in violation of Rev. St. § 5180 (U. S. Comp. St. 1901, p. 3696), it is not necessary that the scheme charged in the indictment, if carried out, would necessarily defraud, but it is sufficient if the scheme as charged is reasonably adapted to defraud.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*]

3. POST OFFICE (§ 48*)—WRONGFUL USE—SCHEME TO DEFRAUD—INDICTMENT.

An indictment for using the post office establishment in the furtherance of a scheme to defraud alleged that, for the purpose of defrauding K. out of certain hotel property owned by him in Illinois, defendants represented and stated to him that they were the owners of a certain 360 acres of land in H. county, Okl., of the value of $32 per acre, which they would exchange with K. for his hotel property, when, in fact, defendants had

no title or interest in the Oklahoma land which they undertook to convey to K. by a pretended deed, purporting to be made by others; that defendants intended to defraud, and did in fact defraud, K. out of the hotel property, and, in the furtherance of such scheme and as a means of executing it, they unlawfully, etc., devised and caused to be deposited in the post office certain letters, etc., containing an abstract of title and opinions of attorneys. *Held*, that the indictment was not demurrable for a failure to sufficiently 'state the facts constituting the scheme to defraud.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 48.*]

4. INDICTMENT AND INFORMATION (§ 121*)—CERTAINTY—BILL OF PARTICULARS.
Where the language used in an indictment, though sufficient to state the offense intended to be charged, was such that defendants might be surprised by the production of evidence for which they were unprepared, their remedy was by an application for a bill of particulars before trial.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320; Dec. Dig. § 121.*]

5. POST OFFICE (§ 48*)—MISUSE OF MAILS—INDICTMENT.
Where an indictment for misuse of the mails in the furtherance of a scheme to defraud alleged that, as a means of executing the scheme, defendants unlawfully, etc., deposited and caused to be deposited in a United States post office at H., in Oklahoma, a registered envelope addressed and directed to K. (the person intended to be defrauded), such envelope being duly stamped with postage thereon, and then and there contained a certain letter directed to K. purporting to be signed by one of the defendants, a copy of which was set out, and also containing opinions with reference to the title to land in Oklahoma, which defendants were attempting to exchange for K.'s property, and the letter so deposited in the United States post office was transferred by means of the post office establishment to K. in furtherance of and in execution of the scheme and artifice to defraud, it charged with sufficient certainty that defendants intended to effect the scheme or artifice by opening correspondence with K. through the United States mails.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 48.*]

6. POST OFFICE (§ 48*)—MISUSE OF MAILS—INDICTMENT—DEPOSIT OF LETTER.
Where an indictment for the misuse of the mails in furtherance of a scheme to defraud did not expressly state that the letter in question deposited in the post office was to be sent or delivered by the Post Office Department, but charged that it was mailed and addressed to the person to be defrauded, that the envelope was duly stamped with postage, and that defendants then and there unlawfully, etc., and knowingly deposited it in the United States post office, it sufficiently charged that the letter was to be sent or delivered by the United States mails.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 48.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

7. POST OFFICE (§ 48*)—MISUSE OF MAILS—SCHEME TO DEFRAUD—SCIENTER.
Where, in a prosecution for misuse of the mails in the furtherance of a scheme to defraud, the indictment alleged the devise of a scheme to defraud K. out of certain hotel property by inducing him to make an exchange of the property for certain real estate in Oklahoma, which defendants did not own, that they contemplated the use of the mail service of the United States in executing the scheme, and actually employed such service in the sending of a letter to K., containing matter calculated to further the trade, it was not defective for failure to charge by way of scienter that defendants knew that neither they nor the person they expected to have convey the land did not have title thereto.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 48.*]

---

*For other cases see same-topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**8. CRIMINAL LAW (§ 1044\*)—WRIT OF ERROR—REVIEW—OBJECTIONS IN TRIAL COURT—MOTION FOR DIRECTED VERDICT.**

The sufficiency of evidence to sustain a conviction cannot be reviewed on a writ of error, where defendants made no request at the close of all the evidence for a directed verdict.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1044.\*]

Sanborn, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Oklahoma.

Edward Rimmerman and another were convicted of using the United States mails in furtherance of a scheme to defraud, and they bring error. Affirmed.

N. A. Gibson (W. W. Hyams, on the brief), for plaintiffs in error.

Wm. J. Gregg, U. S. Atty. (Frank Lee, Asst. U. S. Atty., on the brief), for the United States.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. Plaintiffs in error were indicted, tried, convicted, and sentenced in the United States Court for the Eastern District of Oklahoma for a violation of section 5480 of the Revised Statutes, as amended March 2, 1889 (25 Stat. 873). The indictment, though not skillfully drawn, in substance, charges defendants with having devised a certain scheme and artifice to defraud one John R. King, which scheme and artifice to defraud was to be effected by opening correspondence and communication with said King by means of the post office establishment of the United States. The indictment is very lengthy, occupying over three pages of the printed record. The scheme to defraud is stated with much detail, and, when analyzed, shows it was for the purpose of defrauding King out of certain hotel property owned by him in the state of Illinois of the value of $12,000, to be accomplished by representing and stating to King that they were the owners of a certain 360 acres of land in Hughes county, state of Oklahoma, of the value of $32 per acre, which they would exchange with said King for his said property; that, in fact, they had no title or interest in said land in Oklahoma; that they undertook to convey said land to King by a pretended deed purporting to have been made by one Thomas H. Wright and Dora Wright; that they intended to defraud and did in fact defraud said King out of his said hotel property, with a view to, and did, immediately convert the same to cash; that in furtherance of said scheme, and as a means of executing the same, they unlawfully, feloniously, willfully, and knowingly deposited and caused to be deposited in a certain United States post office at Holdenville, in the state of Oklahoma, one certain registered envelope addressed to the postmaster at Bridgeport, Ill., which contained a certain envelope addressed and directed to said King at Bridgeport, Ill., said envelope being duly stamped with postage thereon, and which envelope then and there contained a certain letter, dated at Holdenville, Okl., and directed to said King at Bridgeport, Ill.,

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which purported to be signed by one of the defendants, a copy of which letter was set out in the indictment, and that said letter also contained three certain written opinions of a party named to the effect that the title to said land in Oklahoma was vested in said Thomas H. Wright, which letter, being so deposited in the United States post office, was "transferred by means of the post office establishment to said John R. King, in furtherance of, and in execution of, the aforesaid scheme and artifice to defraud."

A general demurrer was filed to the indictment, which was overruled.

[1] It is settled law that the statute under which the indictment in this case was based contains three essential elements, which must be charged in the indictment in a substantial manner:

"(1) The person charged must have devised or intended to devise a scheme or artifice to defraud. (2) He must have intended to effect the scheme or artifice by opening correspondence or communication with some person through the mail or by inciting some person to open communication with him through the mail. (3) In and for executing the scheme or artifice, or attempting to do so, he must have either deposited a letter or other communication in the post office for transmission and delivery, or taken or received one therefrom." Brown v. U. S., 143 Fed. 60, 74 C. C. A. 214, and cases cited.

[2] It is not necessary that the scheme charged in the indictment, if carried out, would necessarily defraud. It is sufficient if the scheme as charged is reasonably adapted to defraud. Durland v. U. S., 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709; Miller v. U. S., 133 Fed. 341, 66 C. C. A. 399; Brooks v. U. S., 146 Fed. 223, 76 C. C. A. 581. Such was the character of the scheme as charged in this case.

[3] The facts constituting this scheme were stated in a manner to acquaint accused of the charge against them and sufficiently to render the indictment unobjectionable as against a demurrer in that respect. [4] If the language used was such that the defendants might be surprised by the production of evidence for which they were unprepared, they should, before the trial, have applied for a bill of particulars. It was said by Justice Van Devanter, then circuit judge, speaking for this court, in Rinker v. U. S., 151 Fed. 755–759, 81 C. C. A. 379, 383:

"When an indictment sets forth the facts constituting the essential elements of the offense with such certainty that it cannot be pronounced ill upon motion to quash or demurrer, and yet is couched in such language that the accused is liable to be surprised by the production of evidence for which he is unprepared, he should, in advance of the trial, apply for a bill of the particulars; otherwise it may properly be assumed as against him that he is fully informed of the precise case which he must meet upon the trial [citing numerous authorities]."

[5] The indictment charges with certainty the second element of the offense, that defendants intended to effect the scheme or artifice by opening correspondence with King through the United States mails.

[6] In charging the third element of the offense, the indictment does not in express terms say that the letter deposited in the United States post office was to be sent or delivered by the Post Office Department, as the amended statute requires, and as it would have been easy to do. It, however, charges that the letter was mailed at Holdenville, Okl., was addressed to said King at Bridgeport, Ill., the envelope was

duly stamped with postage, and that plaintiffs in error then and there unlawfully, feloniously, willfully and knowingly deposited it in the United States post office. This is a sufficient charge that it was to be sent or delivered within the rule announced by this court in Rinker v. United States, supra, wherein it was said:

"The indictment, in addition to stating that the defendant 'unlawfully and knowingly' deposited the letter in the United States post office, states that the letter was 'inclosed in an envelope which * * * was then and there stamped with a two-cent United States postage stamp so as to entitle it to transmission through the mails of the United States,' and 'was then and there addressed and directed to (the name will be omitted) city,' and that 'the mailing by him as aforesaid' was contrary to the statute, etc. Thus it is said that the defendant unlawfully and knowingly, which excludes any idea that the act was lawful or unintentional, deposited in the United States post office, the place for mailing letters to be transmitted through the mail, a letter inclosed in an envelope which was so addressed and stamped as to cause it to be transmitted through the mail when so deposited, and this is characterized as 'the mailing' of the letter. The plain and reasonable meaning of the charge is that the letter was deposited in the post office for mailing and delivery, and there can be no doubt that the defendant so understood it."

[7] Again it is said that the indictment is insufficient in that it does not charge that defendants knew that they or Wright did not have title to the land in Oklahoma, and hence a scienter is lacking. The same question was urged before this court in Lemon v. U. S., 164 Fed. 953, 90 C. C. A. 617, wherein it is said:

"There was no need of a definite averment that defendants knew that their bank was insolvent at the time they made the alleged false pretenses concerning it. This is not an action for deceit or a criminal action for making false reports touching the condition of the bank where the scienter is indispensable; but it is a criminal charge, the essential elements of which are (1) the devising of a scheme or artifice to defraud, (2) contemplating the employment of the mail service of the United States in its execution, and (3) the actual employment of the mail service in the execution or attempted execution of the scheme."

We think the indictment was good as against the demurrer, and that the motion in arrest of judgment was properly overruled.

[8] Complaint is made to the ruling of the court admitting upon the trial certain testimony. We have carefully considered such evidence, and think it was properly admitted. We cannot review the sufficiency of the evidence to sustain the verdict, as no request was made after the close of all of the evidence for a directed verdict. Drexel v. True, 74 Fed. 12, 20 C. C. A. 265; Pac. Mut. Life Ins. Co. v. Snowden, 58 Fed. 342, 7 C. C. A. 264; Hansen v. Boyd, 161 U. S. 397, 16 Sup. Ct. 571, 40 L. Ed. 746; Simpson v. U. S. (C. C. A.) 184 Fed. 817, decided at this term.

The judgment is affirmed.

SANBORN, Circuit Judge (dissenting). The indictment contains averments that the defendants intended to send to King, and did send to him through the mails, an abstract of title which disclosed title in them and written opinions of lawyers that their title was good. It also contains allegations that King was deceived by these representations, but it contains no averment that the defendants were not equally deceived thereby, none that they did not believe that they had good ti-

tle to the property as represented by the abstract of title and the opinions of the lawyers, none that they ever intended to deceive King or any other person by the use or mailing of these papers. and for that reason the indictment seems to me to be bad.   In my opinion it is indispensable to a good indictment for devising a scheme to defraud that it shall either allege that the defendants knew the representations they made were false and that they intended to deceive thereby, or shall allege the existence of facts which show their knowledge of the falsity of the representations and their intention to deceive.   Durland v. United States, 161 U. S. 306, 313, 16 Sup. Ct. 508, 40 L. Ed. 709 ; Rudd v. United States, 97 C. C. A. 462, 463, 173 Fed. 912, 913.