UNITED STATES v. MAXEY.

(District Court, E. D. Arkansas, W. D. December 2, 1912.)

No. 3,203.

1. CRIMINAL LAW (§ 972*)—MOTION IN ARREST OF JUDGMENT.

A motion in arrest of judgment after conviction can be granted only for matter appearing of record which would render the judgment erro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

neous if entered; the evidence being no part of the record for such purpose.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2423; Dec. Dig. § 972.*]

2. CRIMINAL LAW (§ 970*)—TRIAL—ARREST OF JUDGMENT.

The rule in civil cases that matter alleged on motion in arrest of judgment must be such as would have been sufficient on demurrer to overturn the action or plea also applies to criminal cases.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2445–2462; Dec. Dig. § 970.*]

3. POST OFFICE (§ 48*)—USING MAILS TO DEFRAUD—INDICTMENT—ALLEGATIONS.

Where an indictment for conspiring to defraud by means of the post office department stated the specific acts of the parties which constituted the offense, showing that they actually entered on a scheme to defraud, and tried to carry it out by committing an overt act, it was not fatally defective because the charging part did not allege that defendants conspired and did commit the offense of attempting to defraud, etc.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 66–80; Dec. Dig. § 48.*]

4. POST OFFICE (§ 48*)—USING MAILS TO DEFRAUD—INDICTMENT—ALLEGATION OF INTENT.

An indictment for conspiring to defraud by means of a scheme to be prosecuted through the post office establishment was not fatally defective, because it alleged defendant's intent to perpetrate the fraud, etc., in the descriptive, as distinguished from the charging, part of the indictment.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 66–80; Dec. Dig. § 48.*]

5. POST OFFICE (§ 35*)—SCHEME TO DEFRAUD—INTENT—STATUTES.

Penal Code, § 215 (Act March 4, 1909, c. 321, 35 Stat. 1130 [U. S. Comp. St. Supp. 1911, p. 1653]), providing that whoever, having devised or intended to devise any scheme or artifice to defraud, to effectuate such scheme or artifice, or in attempting so to do, shall place or cause to be placed any letter, postal card, package, writing, circular, pamphlet, or advertisement, etc., in the United States post office, on conviction shall be punished, etc. *Held* that, in order to sustain a conviction under such section, it was only necessary for the government to prove that a fraudulent scheme to defraud was devised, and that to execute it defendants placed or caused to be placed a letter, etc., in the post office; it not being essential that defendants intended as a part of the scheme to render it effectual by opening or intending to open correspondence with some other person through the post office establishment, etc., as was required under the prior law (Act March 2, 1889, c. 393, § 1, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696]).

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*,

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

6. INDICTMENT AND INFORMATION (§ 109*)—STATUTORY OFFENSES.

An indictment for a statutory offense is sufficient, if it charges the commission of the acts which the statute declares constitute the offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 286–288; Dec. Dig. § 109.*]

R. E. L. Maxey was convicted of having conspired to commit an offense against the United States, and moves in arrest of judgment. Motion denied.

The defendant and one Copeland were indicted under section 37 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [U. S. Comp. St. Supp. 1911, p. 1600]), for having conspired to commit an offense against the United States. The offense which it is alleged they had conspired to commit was to violate section 215 of the Penal Code. The defendant Copeland having entered a plea of guilty to the charge, the defendant Maxey was tried to a jury, and, having been found guilty as charged, filed a motion in arrest of judgment. The motion contains a number of grounds, but there are only two which it is necessary to notice. As the first ground, it is claimed that the allegations in the indictment do not constitute a violation of section 37, because it is claimed that it fails to charge that they actually did enter upon the scheme to defraud charged in the indictment, but merely conspired to devise such scheme. The second ground is that the indictment does not charge a scheme to defraud within the meaning of section 215 of the Penal Code, as it fails to charge that the scheme or device was to be effected by the use of the mails.

In order to understand the matter fully, it is advisable to set out so much of the indictment as describes the offense charged. It charges that the said defendants "did then and there knowingly, willfully, and unlawfully conspire, confederate, and combine to commit an offense against the United States, to wit, the offense of knowingly, willfully, and unlawfully devising a scheme or artifice to defraud the Royal Highlanders, a fraternal insurance company, which was then and there a corporation organized to carry on business in the state of Nebraska, said scheme and artifice to be to obtain money, to wit, the amount of two insurance policies, by means of fraudulent pretenses and representations, namely, by falsely representing to the said corporation that one Henry B. Copeland, upon whose life the said insurance company had theretofore issued two insurance policies for the sums of $3,000 and $2,000, respectively, aggregating the sum of $5,000, payable by the said corporation upon the death of the said Henry B. Copeland, and not before, which policies were then and there outstanding and in full force, that the said Henry B. Copeland was dead, and to forge and fabricate proofs of the death of the said Copeland, and to cause the said proofs of death to be forged and fabricated, and to forward the same through the mails of the United States, and to cause the same to be so forwarded to the said corporation for the purpose of soliciting and obtaining payment of the said policies, whereas, in truth and in fact, the said Copeland was not then dead, and is not now dead, as the said defendants, and each of them, then and there well knew, and now know, the purpose of the said scheme or artifice being to defraud the said Royal Highlanders out of the said sum of $5,000 upon the false pretenses and representations that the said assured was dead; that in order to effect the object of the said conspiracy the said Copeland on the 5th day of January, 1912, did knowingly, willfully, and unlawfully then and there cause to be deposited in the post office of the United States in the city of Hot Springs, in said district and division, and did then and there so place and cause to be placed in said post office, a certain letter of which the following is a copy: [Then the letter is copied in full.]—which letter was addressed to Mr. J. F. Sharp, Chief Secretary of the Royal Highlanders, at Aurora, Nebraska, and signed L. R. Maxey, in which letter said defendant stated that he had previously sent a night letter to the said Sharp of the death of said Henry B. Copeland, and that in said letter of January 5, 1912, the said defendant stated that the said Copeland died on December 30th, whereas, in truth and in fact, the said defendant was not then and there dead, and is not now dead, as the said defendants, and each of them, then and there well knew."

Wm. G. Whipple, U. S. Atty., and Powell Clayton, Asst. U. S. Atty., both of Little Rock, Ark.

Murphy & McHaney, of Little Rock, Ark., for defendant.

TRIEBER, District Judge (after stating the facts as above). [1, 2] The law is well settled that a judgment in a criminal case will, after conviction, be arrested only for matter appearing of record which would render the judgment erroneous if given; the evidence being no part of the record for such purpose. The rule in civil cases, that the matter alleged on arrest must be such as would have been sufficient on demurrer to overturn the action or plea, also applies to criminal cases. Wharton's Crim. Pl. & Prac. (8th Ed.) § 759; Sadler's Crim. Proc. § 516; Clement v. United States, 149 Fed. 305, 79 C. C. A. 243; United States v. Marrin (D. C.) 159 Fed. 767, affirmed 167 Fed. 951, 93 C. C. A. 351.

[3] To sustain the first ground of the motion it is urged that a mere agreement to violate the laws of the United States is not sufficient to constitute a conspiracy within the meaning of section 37 of the Penal Code, but that it is necessary to further charge in the indictment that they actually did devise the scheme to defraud the party alleged in the indictment. It is admitted that the part of the indictment stating the specific acts of the parties which constitute the offense shows that they did actually enter upon the scheme to defraud and tried to carry it out by committing an overt act; but it is claimed that that is not sufficient, that it must be in the charging part of the indictment, or, as counsel say, the indictment should have charged "that the defendants conspired and did commit the offense of attempting to defraud." This contention is clearly untenable. In Stokes v. United States, 157 U. S. 187, 190, 15 Sup. Ct. 617, 619 (39 L. Ed. 667) the contention was that "the allegation is not what was actually done, but of what the defendants conspired and intended to do," but it was held that that was sufficient.

To sustain the second ground, counsel rely upon what was determined in Stokes v. United States, supra, and the numerous cases of the different United States Circuit Courts of Appeal which followed that decision. Miller v. United States, 133 Fed. 337, 66 C. C. A. 399; Thomas v. United States, 156 Fed. 906, 84 C. C. A. 486, 17 L. R. A. (N. S.) 720; Brown v. United States, 146 Fed. 219, 76 C. C. A. 577; Brooks v. United States, 146 Fed. 223, 76 C. C. A. 581; Horn v. United States 182 Fed. 721, 105 C. C. A. 163; Rimmerman v. United States, 186 Fed. 307, 108 C. C. A. 385—where it was held that in order to constitute the offense of using the mails for the purpose of devising a scheme to defraud it is necessary to charge:

(1) "That the person charged devised the scheme to defraud."

(2) "That they intended to effect this scheme by opening or intending to open correspondence with some other person through the post office establishment, or by inciting such other person to open communication with them."

(3) "That in carrying out such scheme such person must have either deposited a letter or package in the post office, or taken or received one therefrom."

[4] But a careful reading of the indictment shows that it is specifically charged that the fraudulent scheme was to be effected by the use of the mails of the United States. The indictment, in describing the manner in which the offense was committed, charges:

"And to cause the said proofs of death to be forged and fabricated, and to forward the same through the mails of the United States, and to cause the

same to be so forwarded to the said corporation for the purpose of soliciting and obtaining payment of the said policies."

But it is contended that the intention to perpetrate the fraud must be alleged in that part of the indictment which charges the commission of the offense, and it is not sufficient to allege it in the descriptive part of the indictment. This contention is without merit. It is sufficient if it is charged in any part of the indictment. In Lemon v. United States, 164 Fed. 953, 90 C. C. A. 617, the indictment, which is not set out in full in the opinion of the court, has been examined, and is found to be in effect drawn as this is. It was attacked upon the same ground, but held to be sufficient; but, even had that been entirely omitted, the omission would not be fatal.

[5] All the authorities upon which counsel rely were decided prior to the adoption of the Penal Code, and while section 5480, Rev. St., as amended by Act March 2, 1889, c. 393, 25 Stat. 873 (U. S. Comp. St. 1901, p. 3696), was in force, while the acts charged in this indictment were committed since the Penal Code is in force. The old statute, in force prior to the enactment of the Penal Code, specifically required the three ingredients above set out to constitute the offense, while the Penal Code omits the second ingredient set out in the foregoing quotation. In order that this may appear clearly, both statutes, in so far as they are necessary to an understanding of this question, are set out in parallel columns:

| Act March 2, 1889. | Section 215, Penal Code. |
|---|---|
| "If any person having devised or intending to devise any scheme or artifice to defraud, * * * *to be effected by either the opening or intending to open correspondence or communication with any person, whether resident within or without the United States, by means of the post office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending,* shall in and for executing such scheme or artifice, or attempting so to do, place or cause to be placed any letter, package, writing, circular, pamphlet or advertisement in any post office, branch post office or street or hotel letter box of the United States, to be sent or delivered by the said post office establishment," etc. | "Whoever having devised or intending to devise any scheme or artifice to defraud * * * shall for the purpose of executing such scheme or artifice or attempting so to do, place or cause to be placed any letter, postal card, package, writing, circular, pamphlet or advertisement, whether addressed to any person residing within or without the United States in any post office or station thereof, or street or other letter box of the United States, or authorized depository for mail matter to be sent to or delivered by the post office establishment of the United States," etc. |

It will be noticed that the words of the act of March 2, 1889, in italics are entirely omitted from section 215 of the Penal Code; that section only requiring, to complete the offense, two things: First, that a fraudulent scheme to defraud be devised; and, second, that for the purpose of executing it that there be placed or caused to be placed any letter, postal card, etc., in any post office or station thereof, or street or other letter box of the United States, or authorized depository for

mail matter to be sent or delivered by the post office establishment of the United States.

[6] The indictment charges in plain language both of those acts, and, as this is a statutory offense, it is only necessary to charge the commission of those acts which the statute declares shall constitute the offense. Armour Packing Co. v. United States, 153 Fed. 1, 82 C. C. A. 135, 14 L. R. A. (N. S.) 400, affirmed 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681; May v. United States (C. C. A.) 199 Fed. 53.

The motion in arrest of judgment must be overruled.