UNITED STATES v. GOLDMAN.

(District Court, N. D. Ohio, E. D. February 27, 1913.)

No. 3,593.

1. POST OFFICE (§ 35*)—MISUSE OF MAILS—SCHEME TO DEFRAUD—STATUTE.

The purpose of Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), making it an offense to use the post office establishment in furtherance of a scheme to defraud, on which Pen. Code (Act March 4, 1909, c. 321) § 215, 35 Stat. 1130 (U. S. Comp. St. Supp. 1911, p. 1653), relating to the subject, is based, was to prevent the use of the mails in aid of schemes and artifices planned to defraud others of their money and property. It included everything designed to defraud by misrepresentations as to the past or present, or by suggestions or promises as to the future; the significant fact being the intent and purpose to defraud.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*]

2. POST OFFICE (§ 35*)—MISUSE OF MAILS—SCHEME TO DEFRAUD—ELEMENTS OF OFFENSE—STATUTES.

Pen. Code (Act March 4, 1909, c. 321) § 215, 35 Stat. 1130 (U. S. Comp. St. Supp. 1911, p. 1653), provides that whoever, having devised, or intended to devise, any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, etc., shall, for the purpose of executing such scheme or artifice, place or cause to be placed any letter, etc., in any post office, or shall take or receive any such therefrom, etc., shall be fined. Held that, though Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), on which the section of the Penal Code was founded, in order to constitute the offense, required that the person charged devise the scheme or artifice to defraud, the intent to effect such scheme by opening or intending to open correspondence with some person through the post office establishment, or by inciting such other person or persons to open communication with him in carrying out of such scheme, and that the accused shall have either deposited a letter or package in the post office, or taken or received one therefrom, the section of the Penal Code is much broader, and under it only two things need be proved to establish the offense, to wit, that a fraudulent scheme has been devised, and that to execute it accused has placed, or caused to be placed, any letter, etc., in the post office, or has taken one therefrom.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*]

3. POST OFFICE (§ 48*)—MISUSE OF MAILS—SCHEME TO DEFRAUD—INDICTMENT.

An indictment for misuse of the mails in furtherance of a scheme to defraud charged that defendant devised a scheme to defraud men of reputed high financial and social standing, to be effected by inciting certain persons to enter into communication with defendant by means of the post office establishment, the scheme being that defendant would rent a post office box, advertise for a woman of chic appearance, with whom he was to get into communication through the mail, and arrange with her to meet prominent men in some appropriate hotel or apartment house for a social or business purpose, and when she had succeeded in getting one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of them in a compromising position photographs would be taken by defendant, and thereafter one of the photographs would be offered to the victim for a large sum of money, on the threat that, if he did not pay, it should be made public in such a manner as to humiliate him, and if he did pay, and at a later time made any objections, or threatened to cause trouble, the second photograph taken at the same time would be produced and offered for sale, or a threat made to make it public if objections were made. The indictment further alleged that accused had full knowledge of the scheme, had fully planned and formulated it at the time, and that he took certain letters from the mails in execution or attempted execution thereof. *Held,* that the taking of the letters from the mail under such circumstances was a necessary step to the execution of the scheme and in furtherance of the plan previously devised, which completed the crime, and that the indictment sufficiently stated a violation of Pen. Code (Act March 4, 1909, c. 321) § 215, 35 Stat. 1130 (U. S. Comp. St. Supp. 1911, p. 1653), prohibiting the use of the mails in furtherance of a scheme to defraud, etc.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

4. Post Office (§ 48*)—Misuse of Mail—Scheme to Defraud—Indictment.
An indictment for misuse of the mails in furtherance of a scheme to defraud must describe the alleged scheme with such certainty as to clearly inform the defendant of the charge made against him and the nature of the evidence to be produced in proof of the execution of the scheme.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

5. Indictment and Information (§ 71*)—Requisites—Certainty.
An indictment which states the essential elements of the offense with such reasonable particularity as will advise the defendant with reasonable certainty of the nature of the accusation, and thus enable him to prepare his defense, is sufficient.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 144, 174, 193, 194; Dec. Dig. § 71.*]

Jacob L. Goldman was indicted for misuse of the mails. On motion to quash, and on demurrer to the indictment. Overruled.

U. G. Denman, U. S. Atty., and Cary R. Alburn, Asst. U. S. Atty., both of Cleveland, Ohio.

Francis J. Wing, of Cleveland, Ohio, for defendant.

DAY, District Judge. The defendant was indicted for violation of section 215 of the federal Penal Code of 1910. Act March 4, 1909. This section is founded on Rev. Stats. U. S. § 5480, and the act of March 2, 1889 (25 Stat. 873, c. 393 [U. S. Comp. St. 1901, p. 3696]). To the indictment there have been filed a motion to quash and a demurrer.

Omitting provisions which are not necessary to the disposition of the pending case, section 215 of the Penal Code provides:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, * * * shall, for the purpose of executing such scheme or artifice or attempting so to do, place, or cause to be placed, any letter, postal card, package, writing, circular, pamphlet, or advertisement, whether addressed to any person residing within or outside the United States, in any post office, or station thereof, or street or other letter box of the United States, or authorized depository for mail matter, to be

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sent or delivered by the post office establishment of the United States, or shall take or receive any such therefrom, whether mailed within or without the United States, or shall knowingly cause to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such letter, postal card, package, writing, circular, pamphlet, or advertisement," etc.

Section 5480 of the Rev. Stats., in so far as it is necessary to quote it, provides:

"If any person having devised or intending to devise any scheme or artifice to defraud, * * * to be effected by either opening or intending to open correspondence or communication with any person, whether resident within or outside the United States, by means of the post office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice or attempting so to do, place or cause to be placed, any letter, package, * * * circular, *, * * or advertisement in any post office, branch post office, or street or hotel letter box of the United States, to be sent or delivered by the said post office establishment. or shall take or receive any such therefrom, such person so misusing the post office establishment shall, upon conviction, be punishable," etc.

It has been held that under section 5480 it is essential, to work a conviction, that the government must charge in the indictment, and establish in the proof, first, that the person charged devised a scheme or artifice to defraud; second, that he had intended to effect this scheme by opening or intending to open correspondence with some person through the post office establishment, or by inciting such other persons or person to open communication with him; third, that in carrying out such scheme the accused has either deposited a letter or package in the post office, or taken or received one therefrom. Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667; Horman v. United States, 116 Fed. 350, 53 C. C. A. 570; Foster v. United States, 178 Fed. 165, 101 C. C. A. 485.

The indictment in this case charges in substance: That Goldman had devised a certain scheme or artifice to defraud men of reputed high financial and social standing in the city of Cleveland, the names of whom were unknown to the grand jury. That this scheme was to be effected by Goldman inciting, encouraging, and causing certain persons to enter into communication and correspondence with him, by means of the post office establishment of the United States, and this misuse of the mails and use of the mails was part of the scheme and artifice to defraud. That the scheme and artifice devised by Goldman was that Goldman planned and intended that he would rent a post office box in the city of Cleveland, that this box would be kept by him for the reception of mail, and that, having rented the box, he would thereafter advertise in a newspaper in the city of Cleveland, inserting the following advertisement:

"Desire the assistance and co-operation of a well-educated and well-groomed lady on a big financial proposition. Must be good looking. chic, and have the ability to interest men of means. If you can measure up with this standard, write me for personal interview.   Box 14, Station D."

That Goldman planned, having inserted this advertisement, that he would encourage various women to answer the same by placing a let-

ter in the United States mails, addressed to this Box 14, Station D, and that upon receipt of these letters he would arrange for personal interviews with the writers of certain of the letters, and from these writers he would select a woman whom he thought suitable for his purpose and plans. That he would then arrange with such woman, so selected, for the further carrying out of his scheme, which he had theretofore devised. That having selected the person answering to this advertisement, he would arrange with her that she should devise means, through pretended business engagements, to meet and become acquainted with prominent and influential men of Cleveland. That Goldman further planned that he would arrange with this woman that, through the acquaintance she would make with these men, she would induce these men from time to time to come to her place of residence on the pretense that she was inviting them there for a social or business purpose. That these meetings with these men should take place at some appropriate hotel or apartment house, and would take place in a suite of rooms connected one with the other in such a manner that two photographic views could be taken of the persons in these rooms, and that, when this woman succeeded in getting one of these prominent men in a compromising position, photographs would be taken by Goldman, and then at a proper time one of them would be offered to the man whose picture was taken for a sum of money of from $50,000 to $75,000. That, if this man should refuse to pay this sum of money for this photograph, it was planned that Goldman would threaten to expose and make public the photograph in such a manner as to humiliate the man whose photograph had been taken in this compromising position. That if one of these men should pay for the photograph, and at a later time should make any objections, or threaten to cause any trouble, the second photograph taken at the same time would be produced and offered for sale, or threatened to be published by Goldman.

The indictment further alleged that Goldman had full knowledge of this scheme, and had fully planned and formulated it at the time he took certain letters from the mails in execution or attempted execution of the scheme. It is alleged in the indictment that Goldman, having devised the scheme and artifice to defraud, in executing or in attempting to execute this scheme or artifice, unlawfully, knowingly, and feloniously took certain letters from the post office establishment of the United States, which had been placed there in answer to his advertisement.

[1, 2] It has been frequently decided by the courts that the purpose of section 5480, upon which this present section 215 of the Penal Code is modeled, was to prevent the use of the mails in the aiding of schemes and artifices planned to defraud others of their money and property. Durland v. United States, 161 U. S. 306, 16 Sup. St. 508, 40 L. Ed. 709. Mr. Justice Brewer, in passing upon the indictment, said:

"It includes everything designed to defraud by representations as to the past or present, or suggestions and promises as to the future. The significant fact is the intent and purpose. The question presented by this indict-

ment to the jury was not, as counsel insist, whether the business scheme suggested in this bond was practicable or not. If the testimony had shown that this Provident Company and the defendant, as its president, had entered in good faith upon that business, believing that out of the moneys received they could, by investment or otherwise, make enough to justify the promised returns, no conviction could be sustained, no matter how visionary might seem the scheme. The charge is that in putting forth this scheme it was not the intent of the defendant to make an honest effort for its success, but that he resorted to this form and pretense of a bond without a thought that he or the company would ever make good its promises. It was with the purpose of protecting the public against all such intentional efforts to despoil, and to prevent the post office from being used to carry them into effect, that this statute was passed; and it would strip it of value to confine it to such cases as disclose an actual misrepresentation as to some existing fact, and exclude those in which there is only the allurement of specious and glittering promises."

Weeber v. United States (C. C.) 62 Fed. 740, is in accordance with this decision. The court said:

"The criminality of the defendant does not rest upon the probabilities of the success of the scheme, or upon the fact of success, nor is it avoided by the fact that the act of using the mails is only one step in a series of acts intended to accomplish the fraudulent scheme. It is enough that the defendant, having devised a scheme to defraud, in the execution of that scheme, and as a necessary or convenient step in the execution thereof, transmits through the post office a letter used, or designed to be used, for the purpose of carrying that scheme into effect."

This construction has been followed in the cases of United States v. Stever, 222 U. S. 167, 32 Sup. Ct. 51, 56 L. Ed. 145; Milby v. U. S., 109 Fed. 638, 48 C. C. A. 574; O'Hara v. United States, 129 Fed. 551, 64 C. C. A. 81; Bartholomew v. United States, 177 Fed. 902, 101 C. C. A. 182; Foster v. United States, 178 Fed. 165, 101 C. C. A. 485; Harrison v. United States (C. C. A.) 200 Fed. 662, 665.

It is thoroughly established that the essential elements of an offense, under section 5480 of the Rev. Stats., are three, as has been referred to earlier in this memorandum. Section 215 of the Penal Code is, however, much broader. It is not necessary, under the requirements of section 215, to incorporate in the indictment, or substantiate in the proof, that the scheme was to be effected by either opening or intending to open correspondence or communication with any person, or incite such person so to do by the use of the mails. Under the later statute it is only required, to complete the offense, that two things must be done: First, that a fraudulent scheme be devised; and, second, that for the purpose of executing it there be placed or caused to be placed any letter, postal card, etc., in the postal establishment, or one taken therefrom; consequently, under the earlier statute, it was necessary that the use of the post office establishment should be a part of the plan, and that such use should be contemplated, while under the later statute this element is not essential.

[3] From the reading of the indictment in this case it is quite apparent that the defendant had completely planned and devised all of the details of a finished scheme to defraud certain influential men of the city of Cleveland, and that having made this plan, and having had that intent in his mind, he resorted to the postal establishment of the Unit-

ed States to take certain letters therefrom, for the purpose of executing this devised scheme. There are a very few reported cases construing section 215 of the Penal Code; but this construction which I have placed upon it is approved in the case of Ex parte King (D. C.) 200 Fed. 622; United States v. Maxey (D. C.) 200 Fed. 997; Erbaugh v. United States, 173 Fed. 433, 434, 97 C. C. A. 663.

It has been urged in argument that the act of taking these letters from the mails was not done for the purpose of executing the scheme, but was simply an act in preparation therefor. It is only necessary to read the indictment to see that the taking of the letters from the mails was a necessary step in the execution of the scheme, that it was a material and important part of the scheme, and was a step directly in line with the furtherance of a plan previously devised, and that when these letters were taken from the post office box, the crime was completed.

[4] It is the unquestionable rule that an indictment must describe the alleged scheme to defraud with such certainty as to clearly inform the defendant of the charge made against him, and thus of the nature of the evidence to be produced in proof of the execution of the scheme. Stewart v. United States, 119 Fed. 89, 55 C. C. A. 641; Foster v. United States, 178 Fed. 165, 101 C. C. A. 485.

[5] An indictment which states the essential elements of the offense with such reasonable particularity as will advise the defendant with reasonable certainty of the nature of the accusation, and thus enable him to prepare his defense, is sufficient. Brown v. United States, 143 Fed. 60, 74 C. C. A. 214; Foster v. United States, 178 Fed. 165, 101 C. C. A. 485. The object of criminal proceedings is to convict the guilty as well as to shield the innocent, and no impracticable standard of particularity should be set up, whereby the government may be entrapped into making allegations which would be impossible to prove. Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830; O'Hara v. United States, 129 Fed. 551, 64 C. C. A. 81; Foster v. United States, 178 Fed. 165, 101 C. C. A. 485.

The scheme to defraud in the present indictment is very similar to the scheme alleged in the indictment in the case of Horman v. United States, 116 Fed. 350, 53 C. C. A. 570. In each of these cases the scheme planned was to receive sums of money by threats to ruin and blacken the reputation and character of others by accusations of misdeeds. Such schemes are not innocent, but are aimed at personal enrichment by reason of threats. As was said in the Horman Case:

> "In other words, these persons were to be despoiled of their money unless they paid for silence as to accusations which" they believed "would ruin their character."

Under the provisions of section 215 of the Penal Code, the essential elements of the statute have been pleaded with the particularity required in indictments of this nature.

The motion to quash and the demurrer are overruled.