UNITED STATES v. YOUNG.

(District Court, W. D. Washington, N. D. July 3, 1914.)

No. 2778.

POST OFFICE (§ 48*)—MISUSE OF MAILS—SCHEME TO DEFRAUD—INDICTMENT.

    Penal Code, § 215 (Act March 4, 1909, c. 321, 35 Stat. 1130 [U. S. Comp. St. Supp. 1911, p. 1653]), provides that whoever, having devised or intended to devise any scheme to defraud or to obtain money or property, by false pretenses, shall, for the purpose of executing such scheme, place or cause to be placed any letter, etc., in the post office to be delivered to the addressee, etc., shall be fined. *Held*, that in order to establish the offense denounced by the amended article it is only necessary to prove the devising of the scheme or plan to defraud, and the employment of the United States mail service in the execution of such plan or scheme; and hence an indictment for misusing the mails in furtherance of a scheme to defraud, charging that defendant devised a scheme to defraud by the sale of a certain medicine remedy, and that he intended to carry out such scheme by use of the post office department, was not fatally defective for failure to charge that part of the scheme and plan consisted of an intention by defendant to use the mails to carry out its purposes.

    [Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

M. C. Young was indicted for using the post office establishment in furtherance of a scheme to defraud, and demurs to the indictment. Overruled.

Albert Moodie, Asst. U. S. Atty., of Seattle, Wash.
Douglas, Lane & Douglas, of Seattle, Wash., for defendant.

NETERER, District Judge. The defendant in this case, by the indictment, is charged in substance with—

"having devised and intending to devise a scheme and artifice to defraud, * * * and divers other persons to the grand jurors unknown, * * * to obtain from them * * * money by means of divers false and fraudulent pretenses, and to induce the persons intended to be defrauded to give to him, * * * in and by the name of Prof. M. G. Young and The Dr. Young Herb Remedy Co., Incorporated, such money, with the intent on the part of the said defendant to convert the same to his own use, which said scheme and artifice so devised and intended to be devised by the defendant was as follows: That he should publish a magazine and other literature of a medical and scientific nature, and thereby excite inquiry from the readers as to the diseases and treatments, and he should send to the inquirers responding to said literature symptom blanks, to be filled out and returned to him for examination and prescription, and that he should represent to those stating their symptoms to him that they were sick and in need of his remedies, and that said remedies would cure them, and that they should send a certain sum of money for said remedies so prescribed, whereas in truth and in fact those stating their symptoms to him were not sick and not in need of his remedies, and not in need of the remedies so prescribed, or any other remedies, and said remedies would not cure them."

And then alleges, "that for the purpose of executing said scheme and artifice and attempting so to do, the defendant did knowingly, willfully, unlawfully, and feloniously place, and cause to be placed, in the post office of the United States, at Seattle, Wash., to be sent and delivered by the postoffice establishment of the United States a certain sealed envelope," and then follows with the description of the envelope, addresses, etc., and the contents of the letters so deposited.

The indictment contains four counts. The defendant has demurred to each count in the indictment on the ground that sufficient facts are not stated to constitute a public offense or a violation of any statute of the United States. The indictment is predicated upon section 215 of the Penal Code, Act of March 4, 1909. This section was brought forward from section 5480 of the Revised Statutes as amended by the Act of March 2, 1889, 25 Stat. 873, c. 393 (U. S. Comp. St. 1901, p. 3696). The scope of this section is greatly enlarged over the former act. The defendant in this case relies upon Miller v. U. S., 133 Fed. 337, 66 C. C. A. 399; U. S. v. Post, 135 Fed. 1, 67 C. C. A. 569, 70 L. R. A. 989; American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90, and urges that, since the indictment does not charge that part of the scheme and plan was an intent to use the United States mails to carry out its purposes, it does not state an offense. The authorities cited by the defendant in support of this contention are based upon the former statute, in which it was provided that the entering into of a fraudulent scheme or artifice and an intent to use the United States mails for the purpose, in connection with such scheme, and the using of the United States mail in executing or carrying out such scheme or plan, was necessary to constitute the offense. An examination of section 215 of the Penal Code and section 5480 as amended by the act of Congress, 1889, discloses that the part of the section of the act of March 2, 1889, relating to the intention to use the United States mails for the purpose of carrying out such plan or scheme or artifice was omitted from the act of March 4,

1909, and that the only acts necessary to charge and prove under section 215 of the Penal Code, are: First, that a fraudulent scheme be devised, etc.; and, second, that for the purpose of executing it the defendant placed, or caused to be placed, the letter, etc., in the postal establishment of the United States, or taken therefrom. A reading of this section of the statute makes manifest the intention of Congress, and precludes any other conclusion. This conclusion is supported by U. S. v. Maxey (D. C.) 200 Fed. 997, Ex parte King (D. C.) 200 Fed. 622, and U. S. v. Goldman (D. C.) 207 Fed. 1002.

It is also contended by the defendant that the plan or scheme set forth in the indictment is not in fact fraudulent, hence no offense is stated. The act does not require that the scheme should be fraudulent on its face. Rumble v. U. S., 143 Fed. 722, 75 C. C. A. 30. The scheme must involve some plausible device, reasonably calculated to deceive. U. S. v. Fay (D. C.) 83 Fed. 839.

This is not an action for deceit or criminal action on account of fraudulent practices, but an action for the use of the United States mails in furtherance of a plan or scheme, devised to defraud, and the essential elements are: (1) The devising of a scheme or plan to defraud; and (2) the employment of the United States mail service in the execution of the plan or scheme, both of which are charged. Rimmerman v. U. S., 186 Fed. 307, 108 C. C. A. 385.

The demurrer is overruled.