ROBINS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1919.)

No. 5230.

1. POST OFFICE ⬯⟹35, 48(4)—INDICTMENT FOR USE OF MAILS IN SCHEME TO DEFRAUD.

The elements of an offense under Penal Code, § 215 (Comp. St. § 10385), are a scheme to defraud and the placing of a letter in a post office for purpose of executing it; so indictment thereunder need not allege that the scheme was to be executed by use of the mails.

2. CRIMINAL LAW ⬯⟹1036(8)—DISCRETION TO CONSIDER INSUFFICIENCY OF EVIDENCE NOT URGED BELOW.

The sufficiency of the evidence to sustain the conviction may not be urged in the reviewing court, where question was not raised below, unless it in its discretion decides to consider it.

3. CRIMINAL LAW ⬯⟹901—MOTION FOR DIRECTED VERDICT WAIVED.

Defendant's motion for directed verdict, made at close of government's evidence, was waived; he thereafter introducing evidence.

4. CRIMINAL LAW ⬯⟹1134(4)—REFUSAL OF NEW TRIAL NOT REVIEWABLE.

Ruling of trial court on motion for new trial is not reviewable in the Circuit Court of Appeals.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Paul E. Robins was convicted of a violation of Penal Code, § 215, and brings error. Affirmed.

Ralph Davis, of Memphis, Tenn., for plaintiff in error.

W. H. Rector, Asst. U. S. Atty., of Little Rock, Ark. (W. H. Martin, U. S. Atty., of Hot Springs, Ark., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

CARLAND, Circuit Judge. The plaintiff in error, hereafter called defendant, was convicted and sentenced upon the first count of an in-

⬯⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dictment which charged a violation of section 215, Penal Code (Act Cong. March 4, 1909, c. 321, 35 Stat. 1130 [Comp. St. § 10385]). A demurrer to this count was overruled, and this ruling is assigned as error.

[1] Counsel for defendant has fallen into error in assuming that section 215 of the Penal Code is the same as the old section 5480, United States Rev. Stat. The cases cited in support of the contention that the indictment must charge that the scheme to defraud was to be executed by opening or intending to open correspondence with some person or persons through the post office establishment of the United States, or by inciting some person to open communication with the writer, are no longer the law in this respect. United States v. Young, 232 U. S. 155, 34 Sup. Ct. 303, 58 L. Ed. 548; United States v. Maxey (D. C.) 200 Fed. 997; United States v. Goldman (D. C.) 207 Fed. 1002; United States v. Young (D. C.) 215 Fed. 267. In United States v. Young, supra, the Supreme Court said,

" * * * The elements of an offense under section 215, P. C., are (a) a scheme devised or intended to be devised to defraud, or for obtaining money or property by means of false pretenses, and (b) for the purpose of executing such scheme or attempting to do so, the placing of any letter in any post office of the United States to be sent * * * by the post office establishment."

[2-4] We have no doubt that the first count charged an offense under the statute. The sufficiency of the evidence to sustain the verdict was not raised in the trial court and may not be urged here, unless in our discretion we decide so to do. We do not think that this is a case where our discretion ought to be exercised in favor of the defendant. The motion for a directed verdict made at the close of the evidence for the United States was waived by the defendant in introducing evidence, and the motion was not renewed at the close of all the evidence. The ruling of the trial court on motion for a new trial is not reviewable here.

Judgment affirmed.